UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS VILLEGAS

                Petitioner,         **DECISION AND ORDER**
                                                                                          No. 07-CV-6552(VEB)
     -vs-

CARL HUNT, Superintendent,

                Respondent.

## INTRODUCTION

    *Pro se* petitioner Luis Villegas ("Villegas" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a guilty plea to one count of first degree sexual abuse of his adoptive daughter in satisfaction of an indictment charging him with two counts of first degree rape, two counts of second degree rape, and one count of endangering the welfare of a child. At the time of his guilty plea, Villegas waived his right to appeal. He was sentenced on August 24, 2005, as a second felony offender to a determinate term of four years and one and one-half years of post-release supervision.

    Respondent has filed a motion to dismiss the petition on the ground that is time-barred under 28 U.S.C. § 2244(d)(1) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. *See* Docket No. 5. Villegas has submitted an affirmation in opposition to respondent's motion, challenging his timeliness calculation. *See* Docket No. 7.

    This matter originally was referred to the undersigned pursuant to 28 U.S.C. § 636(b) by District Judge Charles Siragusa. *See* Docket No. 6. On March 26, 2008, this Court filed a Report

and Recommendation (Docket No. 8) recommending that respondent's motion to dismiss be granted and that the petition be dismissed with prejudice. Subsequently, a consent to jurisdiction by a magistrate judge was signed by both parties and filed with the Clerk of the Court on July 10, 2008. *See* Docket No. 10. Review of the consent form indicates that Villegas executed the consent on June 24, 2008, after he would have received this Court's Report and Recommendation (Docket No. 8). Respondent had been the first to sign the consent form, on February 26, 2008. Since both parties have consented to final disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c), the Court's Report and Recommendation (Docket No. 8) is withdrawn and is reissued as the within Decision and Order denying the petition, *nunc pro tunc* as of the date of entry of the Consent Order.

## DISCUSSION

### *Timeliness Under 28 U.S.C. § 2244(d)(1)*

AEDPA provides that a writ of habeas corpus must be filed within one year of a certain date, in this case the later of the date upon which petitioner's conviction became final, 28 U.S.C. § 2244(d)(1)(A).

On August 4, 2005, Villegas entered his guilty plea in Monroe County Court, waiving his right to appeal the conviction as a condition of his plea bargain. On May 24, 2005, Villegas was sentenced and the judgment of conviction was entered. Under New York state law, a defendant has thirty (30) days from the judgment of conviction in which to seek leave to appeal. *See* N.Y. CRIM. PROC. LAW § 460.10(5)(a). Villegas did not file a timely notice of appeal.

On October 24, 2007, Villegas filed his habeas petition in this Court. *See* Docket No. 1. On January 17, 2007, during the pendency of the instant petition, Villegas filed a motion to

vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in the trial court, which was denied on by the trial court on May 23, 2007. Villegas sought leave to appeal the denial to the Appellate Division and this was denied on July 26, 2007.[1]

The one-year limitations period began running on September 23, 2005, thirty (30) days after his judgment of conviction was entered–in other words, when petitioner's time for filing a notice of appeal from his judgment of conviction expired under C.P.L.§ 460.10(1). *Accord Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002).

Villegas argues without citing any case law, that his time to seek direct review of his conviction did not end until the expiration of the one-year time limit for filing an application for permission to file a late notice of appeal under C.P.L. § 460.30. Villegas cites no case law for this proposition. In fact, *Bethea v. Girdich* is to the contrary. There, the petitioner did file an application for leave to file a late notice of appeal under C.P.L. § 460.30, but that date was immaterial to determining the finality of the conviction. Instead, the Second Circuit found that AEDPA's one-year limitations period began running thirty days after judgment was entered against petitioner–when his time for filing a notice of appeal from his judgment of conviction expired under C.P.L. § 460.10(1). Moreover, calculating the start-date of the limitations period in the manner that Villegas urges would unjustly reward petitioners who engage in intentionally dilatory litigation tactics.

In addition, Villegas's C.P.L. § 440.10 motion to vacate the judgment does not entitle

---

[1] "There is no right to appeal or seek leave to appeal to the New York Court of Appeals from a New York State Supreme Court, Appellate Division's denial of leave to appeal from a denial of a motion for post-conviction relief pursuant to C.P.L. § 440.10." *Olivero v. Fischer*, No. 04-CV-0280E, 2004 WL 1202934, at *2 n.1 (W.D.N.Y. June 1, 2004) (Curtin, J.) (citing N.Y. CRIM. PROC. LAW § 450.90(1)); *see also Ramos v. Walker*, 88 F. Supp.2d 233, 234 n.3 (S.D.N.Y. 2000) (citations omitted).

him to statutory tolling under 28 U.S.C. § 2244(d)(2). Although the limitations period is tolled during the pendency of a properly filed petition for collateral review in *state* court, *see Artuz v. Bennett*, 531 U.S. 4, 8-11 , 121 (2000), *affirming Bennett v. Artuz*, 199 F.3d 116 (2d Cir.1999), it is not tolled during the pendency of a habeas petition filed in federal court, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Villegas' only state-court motion for collateral review, the C.P.L. § 440.10 motion, was not filed until January 2007, which was after the limitations period had run. The Second Circuit has squarely held that the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending *but does not reset* the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (emphasis supplied); *accord Bethea v. Girdich*, 293 F.3d at 278. Therefore, the C.P.L. § 440.10 application did not re-start the one-year limitations period which had expired on September 23, 3006.

### *Equitable Tolling of the Statute of Limitations*

The one-year AEDPA filing limitation is not jurisdictional and, under certain circumstances, may also be equitably tolled. *Acosta v. Artuz*, 221 F.3d 117, 119, 122 (2d Cir. 2000) (citing *Smith v. McGinnis*, 208 F.3d at 17). The petitioner bears the burden of demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," *Smith*, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," *id.*  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417-18 & 418 n.8 (2005) (assuming without deciding that equitable tolling is available under AEDPA). Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a

demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Villegas argues that he is entitled to have the statute of limitations equitably tolled because trial counsel failed to file a notice of appeal even though he had represented to Villegas that he would do so. Villegas argues that if he had known of trial counsel's failure, prior to the expiration of the one-year period set forth in C.P.L. § 460.30 for seeking leave to file a late notice of appeal, he would have filed for permission under C.P.L. § 460.30 to file a late appeal. This, Villegas argues, would have extended the period of his direct review and, accordingly, the start-date of the statute of limitations.

The Second Circuit has stated that "attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period[.]" *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003) (citing *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000) (holding that a mistake by counsel as to the calculation of time remaining to file a petition did not constitute "extraordinary or unusual circumstances that would justify equitable tolling of the AEDPA's one-year limitation period")). Although it is conceded that petitioner's counsel did not file a notice of appeal, there is no evidence, beyond Villegas' self-serving assertions, that trial counsel ever represented to his client that he had done so or was going to do so. Villegas alleges that trial counsel breached his contract, pointing out that there is a statement in the retainer agreement between Villegas and trial counsel which refers to trial counsel's obligation to file notice of appeal within thirty days. As respondent observes, this appears to be standard, boilerplate language used to set the typical parameters of a criminal defense retainer

agreement, which, in this case, was signed *before* Villegas decided to accept a guilty plea which encompassed an explicit waiver of his appellate rights.

The record of the plea proceedings clearly indicates that petitioner knowingly waived his right to appeal as a part of the plea bargain. *See* Transcript of Plea Proceedings on August 24, 2005 ("Plea Tr.") at 7. At the time, Villegas did not request that defense counsel pursue an appeal. Villegas attaches a page from the plea transcript which he points to as evidence that trial counsel affirmatively stated that he was going to file a notice of appeal. This is a misreading of the transcript, in which trial counsel actually noted that he was "serving [petitioner] with a notice of his *right* to appeal . . . ." Trial counsel went on to note that he was "giv[ing] him copy of said notice""even though [petitioner] waived that right as part of his original plea agreement . . . ." Plea Tr. at 7.

Villegas also points to two letters that he sent to defense counsel after his sentencing. However, these documents do not support his argument, as he neither broached the topic of pursuing a direct appeal of his conviction in the letters to his attorney nor gave any indication that he expected defense counsel to prepare and file a notice of appeal. Rather, the letters merely contained a request for defense counsel to send Villegas statements by and tape-recordings of the victim, which he apparently used in support of his C.P.L. § 440.10 motion. The only mention of a challenge to his conviction came in one letter in which Villegas asked, "if *I* file a *collateral attack*, can the District Attorney's Office still go after [his] wife?" *See* Attachments to Petitioner's Timeliness Response Form (Docket No. 3) (emphases supplied). I can find no basis for concluding that trial counsel actually asserted or implied that he was going to file a notice of appeal or committed an error by not filing the notice of appeal. Villegas has not shown error on

the part of his attorney, let alone the kind of "sufficiently egregious [conduct], [which] may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period of AEDPA," *Baldayaque*, 338 F.3d at 153.

Even if Villegas could demonstrate the presence of extraordinary circumstances, that "is not enough, however, to justify the application of equitable tolling." *Baldayaque*, 338 F.3d at 153. Rather, a habeas petitioner must also demonstrate that he acted with "reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." *Id.* (citing *Hizbullahankhamon*, 255 F.3d at 75). Villegas does not assert that he ever asked trial counsel, in his letters, if the notice of appeal had been filed; he never asked if an appellate brief had been filed or inquired as to the status of the appeal in any way. Villegas has not demonstrated any impediments to his ability to investigate the issue of whether a notice of appeal had been filed. To the contrary, the letters to trial counsel that petitioner has submitted to this Court strongly suggest that, if petitioner had been "reasonably diligent," he would have discovered any misrepresentation regarding the appeal by his attorney long before the relevant date of September 23, 2006.

Petitioner has failed to show that he sufficiently relied to his detriment upon any assertions by trial counsel regarding the pursuit of a direct appeal, and, as discussed above, he does not satisfactorily demonstrate that there were any "extraordinary circumstances" that prevented him from complying with the statute of limitations. It is apparent that petitioner did not act with diligence during the period sought to be tolled. Under the circumstances presented, I agree with respondent that Villegas should not be entitled to equitable tolling of the statute of limitations.

**CONCLUSION**

For all the foregoing reasons, I find the habeas petition filed by Luis Villegas to be untimely under 28 U.S.C. § 2244(d)(1). I find that petitioner does not qualify for equitable tolling. Accordingly, the petition is dismissed with prejudiced. No certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c), as Villegas has failed to make a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 24, 2008
   Rochester, New York.